Last case, United States v. Sanders. Mr. Henderson. Yes. May it please the Court. I'm Peter Henderson on behalf of Calvin Sanders. We've got an agreement that there was an error here, and I'd ask the Court to accept that agreement. I think the only question is what the remedy for that error should be. A full resentencing or a limited resentencing on supervised release. I would also suggest another alternative, which might be just to correct the error in the judgment, if the Court agrees with the government that this isn't worth sort of sending it back for more proceedings. In other words, it should be three instead of five. Exactly. That's my second proposal. The first is I think that Mr. Sanders is entitled to a full resentencing. He's entitled to what? A full resentencing, to do this again. That's based on this Court's law that treats sentences as a package. District courts in determining what the total sentence would be are going to take a look at both the term of imprisonment and the term of supervised release. And so when you adjust one, you have to worry about the other. The other reason I think the Fourth Circuit addressed this exact issue, where we had a defendant convicted of a C felony, wire fraud or mail fraud, but sentenced on the basis of a B felony. And I think the Fourth Circuit found it persuasive that the district court was under the misapprehension as to how serious the felony was. The last thing that I would note that I did not put in the brief is I think that a review of the resentencing transcript does show a little bit of confusion in terms of what the proper role of this Thompson remand was. I know that this Court has addressed that issue recently. But what Mr. Sanders was trying to tell the Court, and the Court eventually came around to the idea, was yes, in fact, you can reconsider all these things. You can take into consideration what I've done since the original sentencing. But there was a lot of confusion about that. Obviously, a lot of the things that the Thompson supervised release case was about was about giving notice, which was given in this case, but also orally imposing the conditions, justifying the conditions. And those were sort of elided. They were incorporated by reference. But really, there's a lot of deference to probation, essentially, in terms of those conditions. Is there a basis for us to correct the sentence? A basis to correct the sentence ourselves? I think there may be a case or two where the Court has done that. I haven't cited it in my brief. It was an idea. Again, if the Court agrees with the government's suggestion, because the government's suggestion is essentially an efficiency rationale, which is we don't need to do this all again if it's clear that Judge Stadmuller is just going to impose the same thing. But we think the case law actually says our first proposition, which is a full resentencing, is justified. So unless there are other questions? I have sort of a weird question, and that is on this unemployment. Mm-hmm. You set up phony corporations and phony, what, layoffs? Right. Because you can't have a quit, because then you don't get it. That's my understanding. And you can't have a fourth cause firing, because that can be challenged. So it had to be one down the middle. In other words, there's not enough business we have to lay off. That's right. And there's not a lot about that in the record, because this was a guilty plea. But I'm just curious on how you got away with this. No, that's exactly my understanding, is he presented these claims to unemployment without knowing they were phony corporations. Well, we had one not too long ago where they just asked for a big refund seven times, and twice the IRS gave it to them. That's right. Yeah. That's right. So it happened. That OID form, that seems to be all the rage. I've got one of those as well. Thank you, Your Honors. Okay. Well, thank you, Mr. Henderson. Mr. Koenig. Thank you, Your Honor. And your German pronunciation is excellent. I usually get either Koenig or Koenig. Anyway. May it please the Court. My name is Jonathan Koenig, and I appear on behalf of the United States in this appeal. I'm intrigued by counsel's proposal that the Court could amend the judgment under, I guess, Rule 36. I believe there is authority for this Court being able to do that. I kind of wish it had been proposed before we all came here and incurred fees for train fare and all that. Well, the government's paying for both sides in this case, so we don't have to worry about it. Remanding for resentencing does not make sense to the government in this particular case because it's very clear that softening or mitigating the supervised release conditions did not affect Judge Stadtmuller's view of the appropriate term of, you know, prison term. There may be cases where there's an interplay or a possible interplay between the prison sentence and supervised release term where it's appropriate, even perhaps a third time, to send it back. But in this case, the government submits that would be a waste of time. So we would ask either that you remand the case with instructions to redetermine the supervised release term or correct the judgment under Rule 36. I'm happy to answer any questions you have about the... Do you think there may be authority under Rule 36 for us to do something? I believe that's correct. And I can submit supplemental authority. I came across this issue in another appeal recently. I'd be happy to do that. I would just add my way of conclusion in my brief. I say that this error went unnoticed by everyone. Actually, probation department did not err in this case. The pre-sentence says three. So my office shares some of the blame, the court, opposing counsel, and the trial court. So you're saying it's okay? I apologize for that. I didn't want to unfairly accuse the probation department in my district of getting this wrong because they got it right. Okay. Thank you very much, Mr. Kennedy. So, Mr. Henderson, do you have anything further? No. Okay. Well, we thank both counsel. And the court will be in recess some day in the future. Thank you. Thank you.